# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | ) | |
| Plaintiff(s), | ) | 2:09-cv-1466-RLH-PAL |
| vs. | ) | **O R D E R** |
| | ) | (Motion for Summary Judgment–#27) |
| JENNIFER FRANGOS, *et al.*, | ) | (Motion for 56(f) Continuance–#32) |
| Defendant(s). | ) | |

Before the Court is Defendant Frangos' **Motion for Partial Summary Judgment Re: Breach of Contract** (#27, filed February 8, 2010), to which Plaintiff filed its Opposition (#30) and a **Motion for Continuance Pursuant to Federal Rule of Civil Procedure 56(f)** (#32, filed February 25, 2010). Defendant Frangos filed a Reply (#33) in support of her motion and an Opposition (#34) to Plaintiff's motion. Plaintiff filed a Reply (#38) to Defendant's Opposition.

Defendant Frangos requested an expedited oral argument. However the Court's calendar and the Court's decisions on these motions precludes the necessity of oral argument. It is likely that a future motion on this issue will merit oral argument, if requested.

The issue presented is whether Ms. Frangos' fiancé arranged his own murder and whether, if he did, that qualifies as suicide under the suicide exclusion of a life insurance policy, with Frangos as the beneficiary, he took out just a few months before his death.

The Court finds there are significant material factual questions remaining about the murder, its perpetrator(s), and its arrangement. Moreover, there is a dearth of law on the subject

1  presented by the parties.  Thus, the Court finds the Motion for Partial Summary Judgment to be
2  premature.
3       Plaintiff has asked for time to complete discovery before the matter is considered.
4  Because of the ongoing criminal investigation, and Defendant Frangos' delay in responding to
5  discovery requests, the discovery schedule, prescribed by Magistrate Judge Leen, has not been
6  completed.
7       This is apparently a case of first impression in Nevada and in the Ninth Circuit.
8  Before the Court can render a decision on the issue, as complete a discovery effort as possible is
9  necessary, although the Court will not be held hostage by the uncertainties of reaching finality in the
10 state criminal case presently pending.  Also, the Court will require the parties to extend their
11 research and, if no case additional case law or statutory law can be found, make a more compelling
12 argument regarding policy considerations which the Court may have to make.
13      Accordingly, the Court will grant Plaintiff's Motion for a Rule 56(f) Continuance to
14 delay consideration of these issues until a reasonable period of discovery has been permitted in the
15 opinion of Judge Leen.  Defendant's Motion for Partial Summary Judgment will be denied without
16 prejudice to resubmit the motion in light of any additional evidence and, hopefully, additional law.
17      IT IS THEREFORE ORDERED that Defendant Frangos' **Motion for Partial**
18 **Summary Judgment Re: Breach of Contract** (#27) is denied as premature, without prejudice to
19 file a subsequent motion upon the completion of discovery.
20      IT IS FURTHER ORDERED that Plaintiff's **Motion for Continuance Pursuant to**
21 **Federal Rule of Civil Procedure 56(f)** (#32) is granted to permit the completion of discovery to the
22 extent deemed reasonable by Magistrate Judge Leen.
23      Dated: May 12, 2010.

_____
Roger L. Hunt
Chief United States District Judge