UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINCOLN BENEFIT COMPANY,<br><br>                Plaintiff(s),<br><br>     vs.<br><br>JENNIFER FRANGOS, *et al.*,<br><br>                Defendant(s). | Case No. 2:09-cv-1466-RLH-PAL<br><br>**O R D E R**<br>(Motion to Bifurcate and Stay–#63) |

Before the Court is Defendant Frangos' **Motion to Bifurcate Bad Faith and Punitive Damages Claims and to Stay Proceedings Relating to Said Claims** (#63, filed July 22, 2010). Plaintiff's Response (#65) was filed August 9, 2010. Defendant's Reply (#69) was filed August 18, 2010.

This action arises out of the death of Plaintiff's insured, William Cybulski, Cybulski was issued a life insurance policy in the amount of $500,000 in March 2007. Defendant Frangos, his fiancé, was a dental student at NYU. When Cybulski failed to arrive for a scheduled visit with Frangos on August 24, 2007, an investigation revealed that he had been shot twice in the head. Two men have been charged with his death. However, Plaintiff's investigation caused it to deny the benefits on the grounds that Cybulski, who had a fatal disease, committed suicide by contracting with those men to kill him.

Lincoln Benefit Company filed this suit seeking a declaration of suicide and Frangos filed a countersuit for an opposite declaration, breach of contract, bad faith, and violation of Nevada's Unfair Claims Act, also seeking punitive damages.

1    Frangos now asks this Court to bifurcate her contract claim from the bad faith and
2 punitive damages claims and also to stay any discovery of the latter until conclusion of trial of the
3 contract claim.  She claims it will save the Court's and the parties' time and money if the contract
4 claim is tried first and the other claims then investigated and tried only if she loses her contract
5 claim.  She admits that it is unlikely that she will lose her contract claim.  Thus, two trials are likely,
6 by her own admission.
7    The Court acknowledges that it has the authority to bifurcate the claims in a case
8 under Fed. R. Civ. P. 42(b), for convenience, to avoid prejudice, or to expedite and economize.  The
9 Court also recognizes that its authority is discretionary upon a finding that a bifurcation will
10 accomplish those ends.  The authorities cited are either no controlling, or deal with different kinds
11 of bifurcation than that sought here.  The Court finds that the bifurcation and stay requested by
12 Defendant will not provide convenience, avoid prejudice, or expedite and economize these
13 proceedings.
14    Although the issue of whether the suicide exclusion applies may be a legal question,
15 the issue of whether it should apply impacts factual questions about whether there was a suicide at
16 all, *i.e.,* whether the decedent contracted his own death.  Furthermore, the evidence about the
17 investigation of this matter and other related factual issues are so interrelated, that staying discovery
18 would compound the costs and time for both the Court and the parties.  The trial date in this matter
19 has already been extended into next year.  The case will then be nearly two years old.  Are we to
20 wait another two years while the parties repeat discovery efforts for the remaining (which is trice the
21 contract claim) claims?  Furthermore, such an action would undoubtedly require retaking the
22 deposition of some of the primary witnesses.
23    The Court will permit the trial of the contract, exclusion, and bad faith issues
24 separately from punitive damages issues.  However, the trial of punitive damages issues, should they
25 be necessary, will be tried immediately following the jury decision on the other issues by the same
26 jury.  Furthermore, disclosure and presentation of evidence of Plaintiff's net worth, if necessary for

the punitive damages portion of the trial, will occur immediately after the trial and verdict in the first portion of the trial. This will permit the discovery to otherwise proceed and the matter to be tried at one time, with one jury, and avoid compounding of time and expenses by all concerned. Accordingly, the motion to bifurcate and stay by Defendant Fragos (#63) is denied.

IT IS SO ORDERED.

Dated: September 8, 2010.

_____
Roger L. Hunt
Chief United States District Judge

3